IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT S. BONDICK, | Case No. 6:19-cv-00521-AA |
| Plaintiff, | **OPINION & ORDER** |
| vs. | |
| CITY OF EUGENE POLICE DEPARTMENT; OFFICER N. BAILLAS; OFFICER GROSE; LT. S. MCGANN | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff Robert S. Bondick seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, the Complaint (doc. 1) is DISMISSED with leave to amend. Plaintiff's Motion for Appointment of Pro Bono Counsel (doc. 3) is DENIED. The Court shall defer ruling on plaintiff's IFP Petition (doc. 2) pending submission of an amended complaint.

Page 1 – OPINION & ORDER

## BACKGROUND

On February 18, 2019, Officer Grose, Officer Baillas, and Lt. McGann of the Eugene Police Department responded to a complaint of public indecency at a St. Vincent de Paul store in Eugene, Oregon. The officers obtained a photograph of the suspect that was taken by a store employee. Dispatch alerted the officers that the suspect had been seen going into a nearby trampoline business. McGann entered the trampoline business and asked the store employees if they had seen someone matching the suspect's description. McGann then saw plaintiff leaving a nearby Goodwill store and positively identified him as the suspect based on the employee's photograph. McGann detained plaintiff as he tried to enter another store. McGann called for backup and read plaintiff his Miranda rights. Together, Baillas, Grose, and McGann determined plaintiff had not committed an arrestable offense and released him. Since the incident, the owners of the trampoline business and St. Vincent de Paul have asked plaintiff to not return to their businesses.

Shortly after the incident, Plaintiff filed a public records request to obtain a copy of the incident report from the Eugene Police Department. Plaintiff received the report, which stated that a store employee had taken a photo of the suspect but did not include a copy of the actual photo. Plaintiff then submitted a public records request for the photo. After some delay, plaintiff was told that the photo was not uploaded to the police server and therefore could not be provided.

Plaintiff filed a grievance against the employees of the Eugene Police Department with the police auditors' office. The auditors' office closed the

investigation a week later, explaining that "the Captain" had already discussed his findings with plaintiff. Plaintiff then filed this *pro se* civil rights action.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With respect to the second determination, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under FRCP 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983 and Federal Rule of Civil Procedure 37(e), asserting two claims: (1) "Perverting the Course of Justice" and (2) "Tampering with Evidence." Compl. Ex. at 2. Plaintiff alleges that the officers were "gross[ly] negligen[t]" and conspired against him during their investigation because they did not ask the victim to identify plaintiff as the public indecency suspect. *Id.* Plaintiff also alleges that "at least two police officers," the Eugene Police Department, and the witness who took the photograph of the suspect tampered with evidence because the photograph of the suspect is now missing. *Id.*

Plaintiff's "Perverting the Course of Justice" claim is DISMISSED with leave to amend because plaintiff fails to allege what right of his was violated. Plaintiff's "Tampering with Evidence" claim is DISMISSED with prejudice because a plaintiff cannot sue for a violation of a rule of civil procedure.

I. *Perverting the Course of Justice*

The Court understands plaintiff's "Perverting the Course of Justice" claim to assert a claim under 42 U.S.C. § 1983. In order to prevail on a § 1983 claim, a plaintiff must demonstrate that (1) their federal Constitutional or statutory rights were violated; and (2) the violation was caused by the conduct of a person acting under the color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff fails to assert what federal Constitutional or statutory right was violated. Therefore, plaintiff's claim is DISMISSED with leave to amend. Should plaintiff file an amended complaint, he should specify what right of his was violated.

In crafting an amended complaint, plaintiff should also keep in mind that his § 1983 claim against the individual police officers does not extend to the Eugene Police Department.

A municipality or local government is considered a person for the sake of a § 1983 claim. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, a local government entity cannot be held liable under § 1983 for the acts of its employees unless the constitutional deprivation alleged was caused by a policy or custom of the governmental unit or if the plaintiff can demonstrate that the entity failed to

adequately train its employees. *Id.* Should plaintiff decide to file an amended complaint asserting a § 1983 claim against the Eugene Police Department, he should assert what policy or custom of the Department led to the deprivation of his rights.

## II. *Tampering with Evidence*

Plaintiff's tampering with evidence claim alleges that defendants violated FRCP 37(e) by failing to preserve and provide the plaintiff with the photo of the suspect taken by the store employee.

Rule 37(e) concerns the preservation of evidence by parties for litigation. However, it does not provide independent grounds for a claim. *See Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992). As no amendment to the claim could cure the deficiency of grounds for a private right of action, plaintiff's claim for violation of FRCP 37(e) is DISMISSED with prejudice.

## III. *Motion for Appointment of Pro Bono Counsel*

Plaintiff has filed a Motion for Appointment of Pro Bono Counsel (doc. 3). Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). To determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wood*, 900 F.3d at 1335-36; *Wilborn*, 789 F.2d

at 1331. At this stage, the Court does not find that exceptional circumstances exist to warrant appointment of counsel. The facts and legal issues involved in this case are not of substantial complexity to necessitate appointment of counsel, and plaintiff has demonstrated an ability to articulate his claims. Accordingly, plaintiff's motion is DENIED.

## CONCLUSION

For the reasons set forth above, the plaintiff's § 1983 claim is DISMISSED with leave to amend. Plaintiff's FRCP 37(e) claim is DISMISSED with prejudice. Additionally, plaintiff's Motion for Appointment of Pro Bono Counsel is DENIED. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal.

IT IS SO ORDERED.

Dated this /51 day of July 2019.

ANN AIKEN
United States District Judge